IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

TI'QUAN DINKINS
Defendant.

Criminal No.: ELH-16-548

## MEMORANDUM

On May 22, 2020, defendant Ti'Quan Dinkins filed his first motion for compassionate release, under 18 U.S.C. § 3582(c)(1)(A). ECF 127 (the "First Motion"). He sought early release based on his medical conditions and the conditions at FCI Schuylkill. *Id.* By Memorandum (ECF 139) and Order of July 9, 2020 (ECF 140), I denied Mr. Dinkins's First Motion. ECF 127. In my view, he failed to establish an extraordinary or compelling reason to justify his release, and the factors under 18 U.S.C. § 3553(a) also weighed against release. ECF 139 at 12-13.[1]

On February 8, 2022, Mr. Dinkins filed a second motion seeking compassionate release. *See* ECF 154 (the "Second Motion"). In particular, Mr. Dinkins seeks early release on the basis of his asthma, which renders him more vulnerable to COVID-19. *Id.*[2]

---

[1] I incorporate here the Factual Background set forth in ECF 139.

[2] Mr. Dinkins is now housed at Oxford FCI, in Wisconsin. *See* ECF 154-1; ECF 159 at 4; *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed Apr. 12, 2023). He alleges that Oxford FCI had "over 100 active cases" of COVID-19 that were not "handled the right way by medical or staff." ECF 154. However, as of April 11, 2023, no inmate or staff at Oxford FCI test positive for COVID-19. *See* https://www.bop.gov/coronavirus/; BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/oxf/ (last accessed Apr. 12, 2023).

The Office of the Federal Public Defender ("FPD") has advised that it will not represent Mr. Dinkins. ECF 171. And, the FPD states that it has no documents regarding defendant's exhaustion of administrative remedies. *See id.*

The government responded to Mr. Dinkins's request. ECF 159. It seeks dismissal, stating, in part: "The defendant has not exhausted administrative remedies." *Id*. at 7.

No hearing is necessary.  *See* Local Rule 105.6.

As a result of the enactment of the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018), a federal inmate is now permitted to file a motion for compassionate release directly with the court after exhaustion of administrative remedies.  *See United States v. McCoy*, 981 F.3d 271, 275-76 (4th Cir. 2020).  Specifically, pursuant to the FSA, the Court may reduce a defendant's term of imprisonment "upon motion of the Director of [BOP], *or upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. 18 U.S.C. § 3582(c)(1)(A) (Emphasis added).

Once a defendant has exhausted his administrative remedies, or after 30 days have passed from the date on which the warden has received the defendant's request, the defendant may petition a court directly for compassionate release. *United States v. Ferguson,* 55 F.4th 262, 268 (4th Cir. 2022); *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021); *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021); *McCoy*, 981 F.3d at 276.  This constituted a sea change in the law.

Upon a review of the record, however, there is no information to show that Mr. Dinkins has petitioned the Warden for compassionate release.  Indeed, the government contends that the

Bureau of Prisons "does not have a recent request by Dinkins" for compassionate release "on file." ECF 159 at 7. Further, since the government's submission, Mr. Dinkins has filed a reply, but he did not refute the government's contention. *See* ECF 168.

Therefore, I shall deny Mr. Dinkins's request for compassionate release, because he has not shown that he has exhausted administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). However, the dismissal is without prejudice to the right of Mr. Dinkins   to file another motion for compassionate release after he has exhausted his administrative remedies.

An Order follows.


Date: April 14, 2023                                        _____/s/_____
                                                            Ellen L. Hollander
                                                            United States District Judge